# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*United States v. Lamont Moore*
Case No. 3:15-cr-00101-2-TMB

By:                THE HONORABLE TIMOTHY M. BURGESS

<u>PROCEEDINGS</u>:        ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Lamont Moore's Motion to Alter Judgment (the "Motion") filed on June 17, 2019.[1] The United States filed its Response in Opposition on June 24, 2019.[2] The matter is now ripe for resolution by the Court. For the reasons discussed below, Moore's Motion to Alter Judgment is **GRANTED**.

On September 12, 2016, Moore pleaded guilty to one count of Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).[3] On December 19, 2016, the Court sentenced Moore to a 120-month term of incarceration.[4] During Moore's prosecution in federal court, he was simultaneously prosecuted by the State of Alaska for Assault in the First Degree to which he pleaded guilty.[5] On January 4, 2017, Moore was sentenced by the State of Alaska to a 15-year term of imprisonment.[6] In its Judgment, the state court permitted Moore's state sentence to run concurrently with his federal sentence.[7] However, the Court's written Judgment is silent on whether Moore's sentence was intended to run concurrently with any state sentence he received.[8]

Pursuant to the United States Bureau of Prison's ("BOP") standard practice, Moore began serving his state sentence first.[9] Moore then petitioned BOP to designate his federal sentence as concurrent

---

[1] Dkt. 743 (Motion).

[2] Dkt. 744 (Response in Opposition).

[3] Dkt. 383.

[4] Dkt. 531 (Sentencing Minute Entry).

[5] *State of Alaska v. Lamont Moore*, Case No. 3AN-15-04428CR

[6] *Id.*

[7] *Id.* (Judgment) ("State agrees that time imposed in the above captioned case may run concurrent with time imposed in the defendant's federal case, number 3:15-CR-00101-02-TMB-DMS").

[8] Dkt. 538 (Judgment).

[9] Dkt. 744 at 2. At the time of federal conviction, Moore was under the primary jurisdiction of the state. Letter from John O'Brien, Chief, Bureau of Prisons, to Hon. Timothy M. Burgess, Chief Judge, District of Alaska (Jan. 22, 2019) (letter forwarded to parties when received). "Normally, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration." *United States v. Warren*, 610 F.2d 680, 684–85 (9th Cir.1980).

with his state sentence.[10] BOP denied his request, claiming that it lacked the authority to make an independent determination of concurrency.[11] BOP then requested that this Court provide guidance as to how Moore's federal sentence was intended to run relative to his state sentence.[12]

Moore, through counsel, filed the present Motion.[13] Moore argues that the Court should modify the Judgment to "make express that the federal sentence imposed is to run concurrent with the separate sentence later imposed in state court in *State v. Lamont Moore*, Case No. 3AN-15-04428 CR."[14] Moore further asserts that concurrent sentencing was expressly ordered by the state court.[15] Finally, Moore states that his request is not opposed by the United States.[16]

In response, the United States clarifies that while it does not oppose Moore's request, the Court lacks jurisdiction to grant the requested relief;[17]arguing the Judgment was entered on December 26, 2016, "and the time to move to correct the sentence has expired."[18] Further, the United States argues, the scenario set out in the Motion "does not fit one of the narrow exceptions set forth in 18 U.S.C. § 3582(c)."[19]

While the United States' arguments on Fed. R. Crim. P. 35 and 18 U.S.C. § 3582(c) are well-taken, the Court construes Moore's Motion as being made pursuant to Fed. R. Crim. P. 36.[20] Rule 36 provides, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." "There is no time limit on when the district court may invoke Rule 36 to correct clerical errors."[21]

Generally, courts use Rule 36 to correct written judgments to conform to the oral sentences announced from the bench.[22] "The only sentence that is legally cognizable is the actual oral

---

[10] Letter from John O'Brien, Chief, Bureau of Prisons, to Hon. Timothy M. Burgess, Chief Judge, District of Alaska (Jan. 22, 2019) (letter forwarded to parties when received).

[11] *Id.* (citing *Sester v. United States*, 566 U.S. 231, 237 (2012)).

[12] *Id.* at 2.

[13] Dkt. 743.

[14] Dkt. 743 at 1.

[15] *Id.*

[16] *Id.*

[17] Dkt. 744 at n.1.

[18] Dkt. 744 at 2.

[19] *Id.*

[20] Rule 35 only allows a court to modify a sentence within 14 days of its issuance. Here, a Rule 35 motion would be time-barred. Additionally, relief under 18 U.S.C. § 3582(c) requires a motion filed by BOP or the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion. No such motion has been filed by BOP, nor has it been shown that Moore has exhausted his administrative remedies to compel a BOP motion.

[21] *United States v. Jones*, 608 F.2d 386, 389 n. 1 (9th Cir.1979).

[22] *See, e.g.*, *United States v. Dickie*, 752 F.2d 1398, 1400 (9th Cir. 1985) ("Rule 36 envisions that the district court will make a factual finding on whether the clerk of the court committed error in describing the oral sentence imposed by the court"); *United States v. Kaye*, 739 F.2d 488, 490 (9th

pronouncement in the presence of the defendant." [23] Where a court's written judgment differs from the oral sentence imposed in the presence of the defendant, the oral sentence prevails and the written judgment must be corrected. [24]

Therefore, the Court looks to the record to determine whether Moore's oral sentencing indicates that his federal sentence was to run concurrently with his anticipated state sentence. [25] During Moore's federal sentencing, the United States indicated that Moore's state sentence would run concurrently with the federal sentence. [26] The Defense counsel emphasized during the proceedings that Moore was likely to be given a significant sentence in state court. [27] The Court asked counsel whether that sentence would run concurrently with Moore's federal sentence, and Defense counsel stated that it would.[28] Following this extended colloquy, the Court rendered its sentence. [29]

It is clear from the record that the Court—and the parties—intended and understood that Moore's sentence would run concurrently with the state sentence. The fact that this element of Moore's oral sentencing was not memorialized in writing was a clerical error.

Accordingly, Moore's Motion to Alter Judgment is **GRANTED**. The Court will issue a modified Judgment reflecting that Moore's sentence of 120 months imprisonment runs concurrently to the 15-year sentence imposed by the State of Alaska in *State v. Lamont Moore*, Case No. 3AN-15-04428 CR.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: September 23, 2019

---

Cir. 1984) ("A change made under [Fed. R. Crim. P.] 36 can do no more than conform the sentence to the term which the record indicates was intended.").

[23] *United States v. Munoz–Dela Rosa*, 495 F.2d 253, 256 (9th Cir.1974). *See also United States v. Bergmann*, 836 F.2d 1220, 1221 (9th Cir. 1988) ("It is the words pronounced by the judge at sentencing, not the words reduced to writing in the judge's Judgment/Commitment Order, that constitute the legal sentence.").

[24] *See United States v. Munoz–Dela Rosa*, 495 F.2d 253, 256 (9th Cir.1974) (reversing a district court's denial of a Rule 36 motion to correct the written judgment to match the oral pronouncement).

[25] Dkt. 531.

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Id.*